Mr. Thomas M. Carpenter City Attorney 500 West Markham Little Rock, AR 72201-1400
Dear Mr. Carpenter:
This is in response to your request for my review and approval of several "Interlocal Agreements" between the City of Little Rock and the Cities of Ward, Austin, and Maumelle involving the extension of advanced life support system ambulance service to these cities by Metropolitan Emergency Medical Services ("MEMS"). You have requested my approval pursuant to A.C.A. § 25-20-104
(1987).
You have also submitted for my approval an "Interlocal Cooperation Agreement" between the City of Little Rock and Pulaski County, Arkansas, to provide funding for an additional public defender to serve the Little Rock Municipal Court.
My review of these agreements indicates that while as a general matter there is no prohibition against contracts of this nature between these political subdivisions, you are not required to obtain my approval under A.C.A. § 25-20-104. Each of these agreements appears to be more in the nature of a contract as authorized in A.C.A. § 25-20-108 (1987), rather than an agreement for a joint or cooperative undertaking within the meaning of the Interlocal Cooperation Act. This office has previously noted that the Interlocal Cooperation Act contemplates the joint exercise of governmental powers, privileges or authority through cooperative action in order to make the most efficient use of those powers.See Op. Att'y Gen. 92-108. The "Purpose" statement, found at A.C.A. § 25-20-102, contemplates the provision of services and facilities ". . . in a manner and pursuant to forms of governmental organization" that will be to the mutual advantage of the participating governmental units. This office thus took the position in Opinion 92-180 that § 25-20-104 (requiring approval by the Attorney General) did not apply to an agreement for Ouachita County to provide dumpster solid waste service to residents of the City of Louann. There was no joint exercise of governmental authority, nor any particular governmental organization to effect a joint undertaking. See also Op. Att'y Gen. 93-409 (concluding, similarly, that § 25-20-104 did not require my approval of an agreement between a school district and a city whereby the city would contribute toward the cost of a multi-purpose facility constructed by the district.)
Based upon this analysis, therefore, it is my opinion that my approval of the submitted agreements is not required. As noted, A.C.A. § 25-20-108 specifically contemplates contracts for services between public agencies. This provision authorizes contracts "to perform any governmental service, activity, or undertaking which each of the public agencies entering into the contract is authorized by law to perform alone. . . ." A.C.A. §25-20-108(a) (1987). My approval of such contracts is not required.
This will hopefully be of assistance in the future as the city considers agreements of this nature. Please note that I have enclosed those documents which appear to be originals.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
Enclosures